UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSSIE GILES,

    Plaintiff,

v.

RON DAVIS, et al.,

    Defendants.

Case No. 18-cv-07466-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP") filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He seeks monetary damages.

Plaintiff has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Plaintiff has named the following Defendants at SQSP: Warden Ron Davis; Associate Wardens G. Forncrook and R. Bloomfield; Captain J. Arnold; Lieutenants B. VanMastrigt, R. Shelton and M. Nelson; Sergeants J. Sangmaster and Madding; Correctional Counselor II A. Maxfield; Chief Disciplinary Officer Y. Samara; Correctional Officers F. Jaugan, and J. Cartwright; Office of Appeals Chief M. Voong; and Psychologist R. Pearl.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

Venue is proper because the events giving rise to Plaintiff's claims in his complaint are alleged to have occurred at SQSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff claims that on November 13, 2017, he filed a 602 inmate appeal, log no. SQ-A-17-3257, against Defendant Cartwright for "disrespect and defamation [by] calling Plaintiff a pedophil[e]" during a confrontation on November 8, 2017. Dkt. 1 at 8. Plaintiff claims that he exhausted this appeal to the third level of review, and that his appeals were "denied." *Id.* at 8-14.

Plaintiff claims that eight days after the confrontation, on November 16, 2017, he was placed in administrative segregation ("ad seg") by Defendants VanMastrigt as well as Classification Committee members Defendants Forncrook and Maxfield "pending a [Rules Violation Report ("RVR")] 115 outcome written by [Defendants] Cartwright whos[e] description of the incident was [en]titled ['force or violence threatening a peace officer['] [and] also [alleged] a pattern of blatant disrespect towards him on multiple occasions [including] 6-23-2017, 7-12-2017, 7-27-2017 and 9-16-2017." *Id.* at 6, 15-18. Plaintiff claims that there was "no documentation of these accusations . . . ." *Id.* at 15-18. Plaintiff claims that the charges on the RVR were "false." *Id.* at 17. Plaintiff adds that Defendant Jaugan filed a "false supplemental report" to the RVR. *Id.* at 6, 17. Plaintiff indicates that Defendant Sangmaster approved both the RVR and supplemental reports, and that Defendant Arnold requested a mental health assessment. *Id.* at 30.

Plaintiff claims that he had never been placed in ad seg during the thirty-one years he has been incarcerated. *Id.* at 23. On November 29, 2017, Plaintiff claims that Defendant Pearl, an SQSP psychologist, conducted an "RVR mental health assessment of Plaintiff," and indicated that he "is adjusting with no significant psychiatric distress and if Plaintiff is found guilty [of the RVR] there are no apparent mental health factors or functioning deficits that should be consider[ed] when assessing a [Secure Housing Unit] term." *Id.* at 19. In contrast, Plaintiff claims that he

"ask[ed] for increases in both his medications" due to his "anxiety" and sleep deprivations from being housed in ad seg. *Id.* at 26.

At Plaintiff's December 4, 2017 disciplinary hearing, Defendant Shelton, the hearing official, found Plaintiff "guilty as charged based on a preponderance of evidence using [Defendant] Cartwright's report RVR 115." *Id.* at 29. Plaintiff claims that Defendant Shelton did not take into account Plaintiff's "RVR supplemental witness report" or his "other witness statements [by] [Correctional Officers] M. Martinez [and] N. Faghirzaden [and] inmate's statements." *Id.* at 40. On December 5, 2017, Defendant Samara, as Chief Disciplinary Officer, affirmed the December 4, 2017 hearing results. *Id.* at 37-39. Plaintiff appealed the guilty finding at the Defendant 4, 2017 hearing, and pursued this appeal to the final level of appeal where it was denied. *Id.* at 43.

Plaintiff claims that based on the aforementioned actions, Defendants participated in "violation [his] First and Eight[h] Amendment [rights], which protects [him] against retaliation for filing a grievance and cruel and unusual punishment." *Id.* at 7. Plaintiff adds that "[e]ach named supervisor[] had all relevant evidentiary documents available to them, which clearly shows retaliation, but they chose to ignore these documents and move forward with this illegal administrative segregation admittance of Plaintiff." *Id.*

Finally, Plaintiff claims that while he was housed in ad seg from November 15, 2017 through December 28, 2017, Defendant Madding and Correctional Officer Tran denied Plaintiff access to the law library and "prevented Plaintiff from meeting his deadline to file his opening brief with the 9th Circuit Court, which Plaintiff believes had a[n] adverse [e]ffect on [the] outcome of the civil proceeding." *Id.* at 53.

When liberally construed, Plaintiff's complaint states a cognizable First Amendment and Eighth Amendment claims against Defendants Cartwright and Jaugan for authoring false RVR and supplemental reports, respectively, and for causing Plaintiff's removal from his housing and placement into ad seg. It also states a cognizable claim against Defendants VanMastrigt, Forncrook, Maxfield, Pearl, Sangmaster, Arnold, Shelton, and Samara for the violation of Plaintiff's right to due process insofar as he was removed from his housing and placed into ad seg

3

without evidentiary support, and for a violation of his First Amendment rights insofar as they were involved in failing to rectify or correct the false RVR.

Plaintiff's allegations against Defendants Broomfield, Nelson, and Voong state a cognizable First Amendment claim for denial of access to established grievance procedures. It is well established that the First Amendment right to petition the government for redress of grievances includes the right of access to the courts and that this right is retained by persons in custody. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). The right of access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).

With respect to Plaintiff's claim that his right of access to the courts was violated by Defendant Madding's and Correctional Officer Tran's denial of Plaintiff's access to the law library, as mentioned above, prisoners have a constitutional right of access to the courts. *See Bounds*, 430 U.S. at 821. To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 350-55 (1996). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354-55. Here, Plaintiff claims that Defendant Madding's and Correctional Officer Tran's actions of denying Plaintiff access to the law library prevented him from meeting a court deadline of December 13, 2017. Dkt. 1 at 53. However, Plaintiff's supporting documents show otherwise and indicate that during his one-and-a-half-month stay in ad seg (from November 15, 2017 through December 28, 2017), he was scheduled for law library sessions on November 28, 2017, December 14, 2017, and December 21, 2017. *Id.* at 58. Furthermore, library records documented that Plaintiff refused to attend his scheduled law library session on November 28, 2017. *Id.* Because Plaintiff has failed to show that an inadequacy in the prison's legal access program (i.e., the lack of access to the prison law library caused him an actual injury), his access to the courts claim against Defendant Madding is DISMISSED as without merit. *See Lewis*, 518 U.S. at 350-55.

Finally, Plaintiff names Defendant Davis (the SQSP warden), but Plaintiff does not claim that this Defendant personally violated his constitutional rights. Rather, Plaintiff seems to contend that Defendant Davis is liable based on the conduct of his subordinates—the Defendants named above. Respondeat superior liability is not available under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of Defendant Davis. Accordingly, Plaintiff's supervisory liability claim against Defendant Davis is DISMISSED without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's access to the courts claim against Defendant Madding is DISMISSED as without merit.

2. Plaintiff's supervisory liability claim against Defendant Davis is DISMISSED without prejudice.

3. The claims against the remaining Defendants have been found to be cognizable, as described above.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, (dkt. 1) and a copy of this Order to the following persons at SQSP: **Associate Wardens G. Forncrook and R. Bloomfield; Captain J. Arnold; Lieutenants B. VanMastrigt, R. Shelton and M. Nelson; Sergeant J. Sangmaster; Correctional Counselor II A. Maxfield; Chief Disciplinary Officer Y. Samara; Correctional Officers F. Jaugan, and J. Cartwright; Office of Appeals Chief M. Voong; and Psychologist R. Pearl.** The Clerk shall also mail a copy of the Complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

5

Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit

7

your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

   d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  8. All communications by Plaintiff with the Court must be served on Defendants or

their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: July 15, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge