UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSSIE GILES,<br><br>    Plaintiff,<br><br>v.<br><br>G. FORNCROOK, et al.,<br><br>    Defendants. | Case No. 18-cv-07466-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT; DENYING AS MOOT DEFENDANTS' PENDING MOTIONS; AND SETTING BRIEFING SCHEDULE** |

**I. INTRODUCTION**

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP") filed this instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He seeks monetary damages.

Before the Court is Plaintiff's supplemental complaint, dkt. 11, which the Court construes as a motion for leave to file a supplemental complaint. Also before the Court are Defendants' motion requesting screening of Plaintiff's supplemental complaint under 28 U.S.C. § 1915A and waiving their reply. Dkt. 13. Finally, Defendants also filed an administrative motion asking the Court to clarify whether the supplemental complaint is the operative complaint in the instant action and, if so, refraining from filing a dispositive motion until the Court screens the supplemental complaint. Dkt. 14

For the reasons outlined below, the Court DENIES Plaintiff's motion for leave to file a supplemental complaint. Because the original complaint it still the operative complaint in this matter, the Court DENIES as moot Defendants' motion to screen Plaintiff's supplemental complaint as well as their aforementioned administrative motion.

**II. DISCUSSION**

    **A. Background**

On December 12, 2018, Plaintiff filed his original complaint. Dkt. 1. He named the following Defendants at SQSP: Warden Ron Davis; Associate Warden R. Bloomfield; Captain J. Arnold; Lieutenants B. VanMastrigt, R. Shelton and M. Nelson; Sergeants J. Sangmaster and Madding; Correctional Counselor II A. Maxfield; Chief Disciplinary Officers Y. Samara and G.

Forncrook; Correctional Officers F. Jaugan, and J. Cartwright; Office of Appeals Chief M. Voong; and Psychologist R. Pearl. *Id.* at 2.

On July 15, 2019, the Court issued its Order of Partial Dismissal and Service upon screening Plaintiff's original complaint under 28 U.S.C. § 1915A. Dkt. 6. In its July 15, 2019 Order, the Court concluded that, liberally construed, the original complaint stated cognizable First Amendment and Eighth Amendment claims based on actions stemming from November 2017 to December 2017 against Defendants Cartwright and Jaugan for authoring a false Rules Violation Report ("RVR") and supplemental reports, respectively, and for causing Plaintiff's removal from his housing and placement into administrative segregation (ad-seg) from November 16, 2017 to December 28, 2017. *Id.* at 3. The Court further found that the complaint stated a cognizable claim against Defendants VanMastrigt, Forncrook, Maxfield, Pearl, Sangmaster, Arnold, Shelton, and Samara for due process violations insofar as he was removed from his housing and placed into ad-seg without evidentiary support, and for a First Amendment violation insofar as they were involved in failing to rectify or correct the false RVR. *Id.* at 3-4. The Court also found that Plaintiff's allegations against Defendants Broomfield, Nelson, and Voong stated a cognizable First Amendment claim for denial of access to established grievance procedures. *Id.* at 4. The Court dismissed Plaintiff's claim against Defendant Madding upon concluding it was without merit. *Id.* It also dismissed with prejudice Plaintiff's claim against Defendant Davis (the SQSP warden) upon concluding that Plaintiff alleged no facts to establish supervisorial liability on Defendant Davis's part. *Id.* at 5. The Court directed Defendants to file a motion for summary judgment or other dispositive motion by September 13, 2019. *Id.* at 6.

On August 18, 2019, Plaintiff filed a supplemental complaint, which as explained above, the Court construes as a motion for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). Dkt. 11. The supplemental complaint includes unrelated claims of harassment and retaliation against the following five new Defendants: Correctional Officer V. Michael; Correctional Lieutenants R. M. Ballein and M. Bloise; SQSP Office of Appeals, Appeals Examiner J. Knight; and Office of Appeals Chief T. Ramos. *Id.* at 2. Plaintiff's new allegations stem from an additional RVR that Plaintiff received in March 2019. *Id.* at 3.

On September 12, 2019, Defendants filed an Answer. Dkt. 12.

As mentioned, on September 17, 2019, Defendants filed a motion requesting the Court screen Plaintiff's supplemental complaint under 28 U.S.C. § 1915A and waiving their reply. Dkt. 13. On September 19, 2019, Defendants filed an administrative motion asking the Court to clarify whether the supplemental complaint is the operative complaint in the instant action and, if so, refraining from filing a dispositive motion until the Court screens the supplemental complaint. Dkt. 14.

### B. Plaintiff's Request for Leave to File an Supplemental Complaint

Plaintiff requests leave to file a supplemental complaint to add unrelated claims against five new Defendants. Dkt. 11. Plaintiff seeks to add new claims that were not in the original complaint. *See id.* In fact, Plaintiff acknowledges that the allegations asserted in the supplemental complaint can be categorized as post-complaint, as they involve events occurring ***after*** the events complained of in the original complaint. *Id.* at 3. These allegations are unrelated to the gravamen of Plaintiff's original complaint, which mainly concerns events surrounding the original Defendants' conduct in removing Plaintiff from his housing and placing him in ad seg pending the outcome of an allegedly falsely authored RVR that Plaintiff received in November 2017. Dkt. 1 at 6, 15-18.

Furthermore, the Court points out that this action was first filed almost a year ago, on December 12, 2018. Dkt. 1. Moreover, Plaintiff's original complaint pertains to a specific set of events which took place in in 2017, and it involves a limited number of Defendants, all of whom have been served. Despite the Court's July 15, 2019 Order of Partial Dismissal and Service, Plaintiff now presents the Court with another lengthy document with additional unrelated claims from 2019, as explained below. *See* Dkt. 11

Under Federal Rule of Civil Procedure 15, Plaintiff may amend as of right at any time prior to the filing of a responsive pleading and thereafter only with leave of court. Leave must be freely granted "when justice so requires." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). While mere delay in seeking to amend is not

3

grounds to deny amendment, leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Id.*; *see also Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (district court's finding of prejudice to defendants sufficient to deny amendment, because motion to amend came at eleventh hour, when summary judgment pending and discovery period had closed, affirmed as proper exercise of district court's discretion).

Here, Plaintiff's proposed supplemental complaint is ill-timed, coming after the Court issued its order of service finding the majority of Plaintiff's claims in his original complaint cognizable and serving the named Defendants in that complaint. The supplemental complaint would also significantly widen the scope of the complaint, by adding five newly-named Defendants and raising multiple post-complaint allegations that took place in 2019--two years after the events alleged in the original complaint. *See* Dkt. 11 at 2-4. It seems that Plaintiff is attempting to relate the supplemental complaint to the events underlying his original complaint by alleging that the current events are "ongoing" as part of "[t]he campaign of harassment and retaliation against [him] . . . ." *Id.* at 3. However, this Court finds such an allegation conclusory and thus it is not persuaded that the supplemental complaint should be related back under Rule 15(c). Moreover, Plaintiff himself concedes that the supplemental complaint includes at least one unexhausted claim, as his 602 inmate appeal containing claims against newly-named Defendant, Officer Michael, for continued harassment (during the March-April 2019 time frame) is still being reviewed at the third level of appeal. *Id.* at 4. In addition, Plaintiff has not demonstrated any reason for his late amendment.

Accordingly, the Court finds that it is in the interests of justice and judicial efficiency to DENY Plaintiff's request for leave to file a supplemental complaint. Dkt. 11. In turn, Defendants motion to screen Plaintiff's supplemental complaint as well as their administrative motion are DENIED as moot. The parties shall abide by the briefing schedule, as further explained below.

### III. CONCLUSION

For the foregoing reasons and for good cause shown, the Court orders as follows:

1. Plaintiff's request for leave to file a supplemental complaint (dkt. 11) is DENIED.

4

The Clerk of the Court is directed to return the supplemental complaint and its supporting exhibits (dkt. 11) to Plaintiff at his current address. If Plaintiff wishes to pursue the claims in his supplemental complaint, he may do so by filing a *new* civil rights action accompanied by the requisite $400.00 filing fee or an *in forma pauperis* ("IFP") application, using the proper forms provided to Plaintiff with his copy of this Order.

2. The Court DENIES as moot Defendants' motion requesting for the Court to screen Plaintiff's supplemental complaint under 28 U.S.C. § 1915A, and their administrative motion asking the Court to clarify whether the supplemental complaint is the operative complaint in the instant action. Dkts. 13, 14

3. Defendants shall file a dispositive motion in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to

6

exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

9. This Order terminates Docket Nos. 11, 13 and 14.

IT IS SO ORDERED.

Dated: December 9, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge