UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSSIE GILES,
        Plaintiff,

v.

G. FORNCROOK, et al.,
        Defendants.

Case No. 18-cv-07466-YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Before the Court is Plaintiff's filing entitled, "(Proposed) Motion to Order Compelling Discovery," which will be construed as his motion to compel discovery. Dkt. 22. Defendants have opposed Plaintiff's motion to compel. Dkt. 28. Also before the Court is Defendants' motion for summary judgement, which Plaintiff has opposed.[1] Dkts. 21, 26.

In the instant motion to compel, Plaintiff claims that "[D]efendants' attorney has refused to comply with a discover request . . . or has failed to disclose information required by the rules." Dkt. 22 at 3. Plaintiff claims he wrote letters to Defendants' attorney, Deputy Attorney General Michael J. Quinn, on January 23, 2020 as well as February 17 and 18, 2020, in an effort to meet and confer with Defendants relating to these discovery disputes. *Id.* at 3-4. Plaintiff claims that on February 27, 2000, he spoke with Attorney Quinn on a conference call in which Attorney Quinn "assured [Plaintiff] the corrections had been made with respect to the discrepancies in the [D]efendants' answers to [P]laintiff's first set of interrogatories." *Id.* at 4-5. Plaintiff's deposition was then taken on March 16, 2020. *Id.* at 5. Thereafter, Plaintiff claims that "[o]n March 18,

---

[1] Since filing his motion to compel, Plaintiff has filed his opposition to Defendants' pending dipositive motion, and the Court notes that he no longer mentions his need for any of the discovery requests in his previously-filed motion to compel. *See* Dkt. 26.

1  2020, . . . [he] received nine of the twelve defendant[s'] amended responses to [his] first set of
2  interrogatories . . . ." *Id.* Plaintiff claims that there were still some other discovery disputes that
3  necessitated him filing the instant motion to compel, but he does not indicate that he met and
4  conferred with Defendants about these discovery disputes prior to filing the motion. *Id.* at 5-6.

5  Defendants oppose Plaintiff's motion and confirm that Plaintiff "never attempted to meet
6  and confer with Defendants after receiving the amended responses . . . ." Dkt. 24 at 2. Defendants
7  also claim that Plaintiff's motion to compel "did not specify the particular responses or objections
8  with which he finds fault, as is required by Northern District Civil Local Rule 37-2." *Id.* at 3.
9  Thus, Defendants argues that "because [Plaintiff] has not made a good faith effort to narrow or
10 eliminate the discovery dispute, nor complied with the rules on the form of a motion to compel,
11 the motion should be denied." *Id.*

12 Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
13 further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required
14 before the parties may conduct discovery. For Plaintiff's information, the proper manner of
15 promulgating discovery is to send demands for documents or interrogatories (questions asking for
16 specific, factual responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope
17 of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant
18 information need not be admissible at trial if the discovery appears reasonably calculated to lead to
19 the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited
20 by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is
21 obtainable from some other source that is more convenient, less burdensome, or less expensive;
22 (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the
23 information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely
24 benefit." Fed. R. Civ. P. 26(b)(2).

25 It is not an effective or appropriate use of the Court's limited resources for it to oversee all
26 aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt
27 to resolve the dispute informally with the opposing party. It is only when the parties are unable to
28 resolve the dispute after making a good faith effort to do so should they seek the Court's

2

intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants in person. Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

Here, as the record reflects, Plaintiff did not meet and confer with Defendants about his new discovery disputes before filing his motion to compel, which would have afforded them with a final opportunity to address each request upon which he now asks the Court to rule. Moreover, it may be that Plaintiff has since obtained some sought-after discovery after Defendants filed their motion for summary judgment and accompanying exhibits. As mentioned above, Plaintiff has since opposed the pending dispositive motion, and he no longer raises any of these discovery disputes. *See* Dkt. 26.

Accordingly, Plaintiff's motion to compel is DENIED. Dkt. 22. The Court will resolve the pending motion for summary judgment in a separate written Order.

This Order terminates Docket No. 22

IT IS SO ORDERED.

Dated: January 13, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge